UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Uriel Sosa Vargas,

    *Petitioner*,

v.

Todd Blanche, *et al.*,

    *Respondents*.

No. 26 CV 7099

Judge Lindsay C. Jenkins

**ORDER**

Petitioner Uriel Sosa Vargas, a citizen of Mexico, was detained and arrested by Immigration and Customs Enforcement ("ICE") on June 16, 2026. He has resided in the United States for more than 35 years and currently remains in ICE custody, without an opportunity to post bond, to be released on other conditions, or for a bond redetermination hearing before an immigration judge. [Dkt. 1.] He has since filed this petition for a writ of habeas corpus.

The government's response to the petition wholesale references a brief opposing a petition for a writ of habeas corpus that the government filed in *HGVU v. Smith, et al.*, No. 25 CV 10931 (N.D. Ill.), and it does not dispute the facts set forth in the petition. The court therefore presumes that the pertinent facts as set forth in the petition are true.

The same arguments the government presented in *HGVU*, have been presented in numerous other cases throughout this District. In all but one of those cases, district courts here have rejected respondents' arguments and granted the petitions for writs of habeas corpus. See, e.g., *Ochoa Ochoa v. Noem*, 25 CV 10865, 2025 WL 2938779, at *5 & n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases both in this District and around the country) (Jenkins, J.); *G.Z.T. v. Smith*, 25 C 12802, Doc. 14 at 3 (N.D. Ill. Oct. 21, 2025) (Ellis, J.); *Miguel v. Noem*, 25 C 11137, 2025 WL 2976480, at *1 & n.1 (N.D. Ill. Oct. 21, 2025) (collecting cases) (Alonso, J.); *Padilla v. Noem*, 25 CV 12462, 2025 WL 2977742, at *2 (N.D. Ill. Oct. 22, 2025) (Coleman, J.); *Patel v. Crowley*, 25 C 11180, 2025 WL 2996787, at *9 (N.D. Ill. Oct. 24, 2025) (Cummings, J.); *Torres Maldonado v. Crowley*, 25 CV 12762, Doc. 16 at 2 (N.D. Ill. Oct. 24, 2025) (Daniel, J.); *Amigon Sanchez v. Olson*, 25 CV 12453, 2025 WL 3004580, at *3–4 (N.D. Ill. Oct. 27, 2025) (Jenkins, J.); *Corona Diaz v. Olson*, 25 CV 12141, 2025 WL 3022170, at *6 (N.D. Ill. Oct. 29, 2025) (Shah, J.). The court is aware of one decision in this District that has held otherwise, *Cruz Rodriguez v. Olson*, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026). There are also contrary decisions from other Courts of Appeal.

1

*Buenrostro-Mendez v. Bondi* 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

But the Seventh Circuit in *Castanon-Nava v. DHS*, 161 F.4th 1048, 1061-1062 (7th Cir. 2025), weighed in on the question of whether 8 U.S.C. Section 1225 or Section 1226 applies in cases like this one. It rejected Respondents' argument that they were detaining the petitioners there under the mandatory detention provided in Section 1225(b)(2)(A). 161 F.4th 1048, 1060 (7th Cir. 2025). It instead found that Section 1226(a) applies to noncitizens discovered within the country. "[W]hile a noncitizen arrested in the Midwest might qualify as 'an alien present in the United States who had not been admitted,' § 1225(a)(1), the mandatory detention provision upon which Defendants rely, limits its scope to an 'applicant for admission' who is 'seeking admission,' § 1225(b)(2)(A)." *Id.*; (citing *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)). Ultimately, the Seventh Circuit found that, on the facts in the record, Respondents were "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested in Chicago without a warrant, are subject to mandatory detention under § 1225(b)(2)(A)." *Id.*

For the reasons discussed below, the petition is granted.

### STATEMENT

Earlier this year, the Department of Homeland Security ("DHS") issued a policy instructing all ICE employees to consider anyone who had entered the United States without inspection to be an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A), and therefore subject to mandatory detention without a bond hearing. The Board of Immigration Appeals ("BIA") later ruled that, under that same statute, immigration courts "lack authority to hear bond requests or to grant bond to [noncitizens] who are present in the United States without admission." *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216, 225 (BIA 2025).

Vargas entered the United States several decades ago and has been living in Chicago since that time. [Dkt. 1, ¶¶ 1, 8.] He was arrested based on the expiration of his Deferred Action for Childhood Arrivals status, and a 2023 arrest for aggravated domestic battery. He remains in ICE custody, and he has not been afforded the opportunity for a bond hearing. He now seeks release from custody or a bond hearing before an Immigration Judge.

First, the court excuses Petitioner from the futile exercise of administratively exhausting their claim to the BIA for the reasons it has previously articulated. *Ochoa Ochoa*, 2025 WL 2938779, n.4.

The court is not divested of jurisdiction by operation of 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1252(b)(9), or 1252(g), as Petitioner is challenging the lawfulness of his detention without the opportunity for bond—not any of the decisions set beyond

2

the reach of the court's jurisdiction in the referenced clauses. See *Quintana Garcilazo*, 25 CV 13321, Doc. 7 at 3.

For the same reasons previously articulated, *id.* at 4, the court holds that § 1226(a) governs detention. Petitioner has resided in the United States for several years, he is no longer "seeking admission," so § 1225 does not govern his detention.

It is unclear whether Petitioner was arrested with a warrant; the Petition is silent on this issue. But in any event, he has entered the country, so the Due Process Clause applies to him as "persons" within the United States, regardless of legal status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The court therefore applies the three-part framework set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (the determination as to what process is due requires a balancing of the private interest at stake in the deprivation; the risk of an erroneous deprivation and the value, if any, of additional procedural safeguards; and the government's countervailing interests). Vargas' liberty and well-being are at stake. The risk of erroneously depriving him of his liberty is overwhelming, and the government suggests no procedural safeguards that could mitigate it. Nor has the government set forth any countervailing interests: Indeed, the government should have its own "substantial interest in credible, transparent, and accountable law enforcement efforts. The government has an even greater interest in upholding the fundamental principles set forth in the U.S. Constitution, which includes the due process of law." *Torres Maldonado*, 25-cv-12762, Doc. 16 at *2.

### CONCLUSION

The court therefore holds that Vargas' detention deprives him of due process. For that reason, and those expressed above, the court grants the petition for writ of habeas corpus. The court orders the government to provide Vargas with a release hearing under § 1226(a) within seven days of this order or otherwise to release him. The court declines to issue attorney's fees. Because this order provides the full relief to which Petitioner is entitled, the Clerk shall enter a final judgment order in favor of petitioner and terminate this civil case.

Enter: 26-cv-4264
Date:  June 24, 2026

_____
Lindsay C. Jenkins

3